NEALY V. STATE

NO. 07-99-0515-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 6, 2000

______________________________

TRAVIS LINCOLN NEALY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 84
TH
 DISTRICT COURT OF OCHILTREE COUNTY;

NO. 3116; HONORABLE WILLIAM D. SMITH, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant Travis Lincoln Nealy was convicted by a jury of injury to a child and sentenced by the trial court to 121 days in county jail.  In presenting this appeal, counsel has filed an 
Anders
 brief in support of a motion to withdraw representing that no arguable grounds for appeal exist.  Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  The State did not favor us with a brief. 
 Based upon the rationale expressed herein, the motion to withdraw is granted, and we affirm the judgment of the trial court.

On July 3, 1997, appellant was having a cookout in the backyard of appellant’s home with his family
, including his ten-year old daughter.  Appellant became angry and argued with his mother when she and his daughter were going to cook some sausage that he thought belonged to him.  He grabbed his daughter and choked her by placing his hand around her neck with his thumb on her throat, leaving a red mark and bruise on her neck.  Appellant’s mother called 911 to report the incident.  Appellant left with his daughter and was subsequently pulled over by a Perryton police officer
 under suspicion of domestic violence.  The police officer asked him if he had been having some problems that day and noticed the red marks on his daughter’s neck.  Appellant then said that he “might have choked her” at which point he was placed under arrest.         

Before addressing the merits of appellant’s case, we first discuss our obligations concerning the accompanying 
Anders
 brief.  Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed 2d 300 (1988).  In support of his motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Gainous v. State, 436 S.W.2d 137, 137-38 (Tex.Cr.App. 1969), he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated.  Thus, he concludes the appeal is frivolous and without merit.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. 

Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a 
pro se
 brief.  Appellant has failed to file a 
pro se
 brief in response to his counsel’s 
Anders
 brief and the time for filing such a brief having elapsed, we will independently review the entire record and determine whether there are arguable grounds for appeal.  
See
 Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed 2d 300 (1988)
; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).

By the 
Anders
 brief, appellant’s counsel raises arguable grounds for appeal, but concedes that no reversible error is presented.  Counsel contends (1) the verdict is contrary to the law and facts, and (2) the trial court erred in admitting statements while appellant was in custody.

We first address what we subsume to be a challenge to the legal and factual sufficiency of the evidence under counsel’s first issue.  
When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict.  Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996).  It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense.  U.S. Const. amend XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2000); Tex. Pen. Code Ann. § 2.01 (Vernon 1994).  In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); Geesa v. State,
 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), 
overruled on other grounds, 
Paulson v. State, No. 829-99 (Tex.Cr.App. October 4, 2000).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury’s verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). 

After conducting a legal sufficiency review under 
Jackson
, we may proceed with a factual sufficiency review.  
Clewis
, 922 S.W.2d at 133.  As an appellate court, we view all the evidence without the prism of in the light most favorable to the prosecution and set aside the verdict if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust or is so against the great weight and preponderance of the evidence.  Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000).  It is the exclusive province of the jury to determine the credibility of the witnesses and the weight to be given their testimony, and unless the available record clearly reveals a different result is appropriate, we must defer to the jury’s determination.  
Id.
 at 8. 

A person commits the offense of injury to a child if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes (1) serious bodily injury; (2) serious mental deficiency, impairment, or injury; or (3) bodily injury, to a child
.  Tex. Pen. Code Ann. § 22.04 (a) (Vernon 2000).  A child for the purposes of this statute is a person 14 years of age or younger.  Tex. Pen. Code Ann. § 22.04 (c) (Vernon 2000).  
Here, the evidence is legally sufficient because it shows that appellant’s ten-year old daughter was bruised by appellant choking her.  Also, having reviewed all of the available evidence, we cannot say that the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust or is so against the great weight and preponderance of the evidence
 to justify a different result.  Therefore, the evidence was legally and factually sufficient to support appellant’s conviction.

The next arguable ground for appeal counsel presents concerns the admissibility of appellant’s statements while he was allegedly in custody.  Specifically, counsel argues that appellant’s statement that he “might have choked her” was not admissible because it was given when the police officer pulled him over.
  We note initially that counsel relies on his motion 
in limine
 for the preservation of this error and only makes what he terms a “running objection” to this testimony without specifically detailing why it should be excluded.  Neither the granting nor the denial of a motion 
in limine
 is alone sufficient to preclude admission of the challenged evidence or to preserve error for appellate review.  
See
 Webb v. State, 760 S.W.2d 263, 275 (Tex.Cr.App. 1988), 
cert. denied
, 491 U.S. 910, 109 S.Ct. 3202, 105 L.Ed.2d 709 (1989).  Also, to preserve error regarding the admission of evidence, a defendant must lodge a timely and specific objection.  Ethington v. State, 819 S.W.2d 854, 858 (Tex.Cr.App. 1991).
  The purpose of requiring the objection is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection.  
Norris v. State, 902 S.W.2d 428, 446 (Tex.Cr.App. 1995), 
cert. denied
, 516 U.S. 890, 116 S.Ct. 237, 133 L.Ed.2d 165 (1995).  Here, there was not a specific objection to the testimony concerning appellant’s statement that he “might have choked her” and, as such, nothing is presented for our review by this issue.

Moreover, had error been preserved, the statement would have still been admissible.  To justify an investigatory stop, a police officer must be able to point to specific and articulable facts which, in light of the officer's experience and personal knowledge, taken together with rational inferences from those facts, reasonably warrant that intrusion.  Terry v. Ohio, 392 U.S. 1, 20-22, 88 S.Ct. 1868, 1879-1880, 20 L.Ed.2d 889 (1968).  
Two distinct inquiries are essential in determining whether a police officer’s actions were unreasonable, to-wit: (1) the circumstances surrounding the interrogation, and (2) whether a reasonable person would have felt that he or she was not at liberty to terminate the interrogation and leave.  
See
 Thompson v. Keohane, 516 U.S. 99, 112, 116 S.Ct. 457, 465, 133 L.Ed.2d 383 (1995).  The ultimate inquiry is whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.  
See id.
  We make this determination 
de novo
.  
See
 Jordy v. State, 969 S.W.2d 528, 532 (Tex.App.--Fort Worth 1998, no pet.).

When the police stopped appellant, they were investigating a reported case of child abuse.  At no time did appellant exit his car nor was he told that he could not leave by the police officers.  Upon seeing the red marks on the girl’s neck, the officers inquired as to how she could have gotten those marks to which appellant responded that he “might have choked her.”  It was this admission that led to appellant’s arrest.  
Because appellant was not in custody at the time he gave this statement, the statement was admissible and 
the trial court did not abuse its discretion in admitting it
.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds that might support this appeal.  
See
 
Penson
, 488 U.S. at 80; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).  

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.  

Don H. Reavis

     Justice

Do not publish.